# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KAREN MOORE,
   Appellant,

  v.

DEPARTMENT OF VETERANS
 AFFAIRS,
   Agency.

DOCKET NUMBER
DA-1221-13-0213-W-1

DATE: March 10, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Karen Moore</u>, Dallas, Texas, pro se.

<u>Patrick A. Keen</u>, Shreveport, Louisiana, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1  The appellant has filed a petition for review of the initial decision, which denied her request for corrective action. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND this appeal for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2     The appellant worked as a Medical Support Assistant/OA in the Primary Care—Compensation and Pension Unit of the agency's Shreveport, Louisiana Medical Center. Initial Appeal File (IAF), Tab 4, Subtab 4a. On March 30, 2012, she sent an email to an employee relations staff member alleging harassment by her supervisor. IAF, Tab 7 at 12-14. The appellant sent a letter to the Veterans Administration (VA) Office of the Inspector General (OIG) dated April 6, 2012, alleging harassment and intimidation by her supervisor and claiming that management and the equal employment opportunity (EEO) office had not taken any action. *Id*. at 6-11. On May 29, 2012, the agency informed the appellant that effective June 17, 2012, she would be reassigned from her present position to the position of Medical Support Assistant in the Primary Care—Red Team within the Medical Center. IAF, Tab 4, Subtab 4e. The reassignment involved no change in pay or benefits.[2] *Id*. The appellant inquired as to the reason for her reassignment, and she was informed by the hospital's lead employee/labor relations specialist that the reassignment was due to her allegations of a hostile work environment involving her supervisor, who was being permanently reassigned to the appellant's original work group. IAF, Tab 7 at 24.

¶3     The appellant filed an individual right of action (IRA) appeal with the Board on February 10, 2013. IAF, Tab 1 at 4-6. She alleged that her reassignment was in retaliation for her disclosures. *Id*. at 5, 11-12. She did not request a hearing; therefore, the administrative judge based his decision on the parties' written submissions. IAF, Tab 1 at 3, Tab 21, Initial Decision (ID) at 1.

¶4     The administrative judge found that the appellant had exhausted her remedies with the Office of Special Counsel (OSC) because she had filed a complaint with OSC, more than 120 days had passed since she filed her

---

[2] After the appellant was reassigned to the Primary Care—Red Team position, she was selected from a posting for an Office Automation Assistant position at the Dallas, Texas VA Medical Center and relocated to Dallas, Texas. IAF, Tab 4, Subtab 4g.

complaint, and OSC had not issued her a termination letter. ID at 2-3. He found that the Board had jurisdiction over the appeal based on the appellant's nonfrivolous allegations that she engaged in whistleblowing activity and that the disclosures were a contributing factor in the personnel action taken against her. ID at 3. The administrative judge then found that the appellant made two protected disclosures: the email to the employee relations staff member and the letter to the VA Inspector General. ID at 5-6. He also found that her reassignment was a personnel action as the term is defined under the Whistleblower Protection Enhancement Act of 2012 (WPEA).[3] ID at 4. The administrative judge found that the proximity in time between the appellant's disclosures and the reassignment shows the disclosures may have been a contributing factor in the agency's reassignment decision. ID at 7. Finally, he found that the agency showed by clear and convincing evidence that it would have taken the personnel action in the absence of the protected disclosures. ID at 6-8. On that basis, he denied corrective action. ID at 1, 8.

¶5      The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 2. The agency has filed a response to the petition for review. PFR File, Tabs 5, 8, 10-11. The appellant has replied. PFR File, Tab 13.

The agency did not prove by clear and convincing evidence that it would have taken the personnel action in the absence of the disclosures.

¶6      To secure corrective action from the Board, an appellant must first exhaust her administrative remedies with OSC. *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 9 (2014). The appellant then must prove by preponderant evidence that she engaged in whistleblowing activity by making a protected disclosure, and that such whistleblowing activity was a contributing

---

[3] The administrative judge referred to the statute as the Whistleblower Protection Act (WPA), versus the WPEA, in his initial decision. ID at 3. However, we find that he properly applied the standards under the WPEA. The administrative judge suspended the case for a period of 30 days, in part based on the enactment of the WPEA, which he referred to as the WPA of 2012. IAF, Tab 10.

factor in an agency personnel action. *Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 18 (2010). If proven, the Board must order corrective action unless the agency establishes by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure. *Id.* Neither party challenges on review the administrative judge's finding that the appellant proved by preponderant evidence that she made a protected disclosure that was a contributing factor in her reassignment. PFR File, Tabs 2, 11. We see no reason to disturb these well-reasoned findings on review.

¶7    The appellant argues that the administrative judge erred in finding that the agency would have reassigned her in the absence of her protected disclosures.[4] PFR File, Tab 2 at 6-7. The administrative judge found that the agency's chief of human resources reassigned the appellant because she was unhappy with her supervisor and not because of her two protected disclosures. ID at 8. The administrative judge commented that there was no evidence proving the appellant's allegations of supervisory harassment and that no agency investigative

---

[4] The appellant argues on review that her appeal is a mixed case because it involves a complaint of discrimination made in conjunction with an appealable action. PFR File, Tab 2 at 1. We disagree. In an IRA appeal, the scope of the Board's review generally is limited to the allegation of reprisal for protected disclosures. *Ross v. Department of the Navy*, 90 M.S.P.R. 236, ¶ 5 (2001). While the Board may review other matters in some IRA cases that are appealable to it under authorities other than 5 U.S.C. § 1221(a), it may do so only to the extent those other authorities grant it jurisdiction to do so. *Id.* The appellant's reassignment is a covered personnel action under the WPEA but is not an adverse action appealable under chapter 75 of Title 5. *Compare* 5 U.S.C. § 2302(a)(2)(A)(iv) (including reassignment in the definition of personnel action), *with* 5 U.S.C. § 7512 (setting forth the more limited definition of an adverse action appealable to the Board under chapter 75). The Board's jurisdiction to review IRA appeals based on personnel actions over which it otherwise does not have appellate jurisdiction is limited to adjudicating the whistleblower allegations. *Shively v. Department of the Army*, 59 M.S.P.R. 531, 536 (1993). Because the appellant has not alleged an otherwise appealable action, we cannot adjudicate the merits of her discrimination claims. *See id.* (declining to review allegations of reprisal for EEO activity in an IRA appeal in the absence of an otherwise appealable action); *accord Tardio v. Department of Justice*, 112 M.S.P.R. 371, ¶ 31 (2009) (finding that the Board does not have jurisdiction over discrimination claims unaccompanied by an otherwise appealable action).

body looked into the allegations.  ID at 7.  The administrative judge also found no evidence that the hospital director or the appellant's supervisor influenced the chief of human resources to reassign the appellant.[5]  ID at 7.

¶8        Where, as here, an appellant shows by preponderant evidence that she made protected disclosures and that the disclosures were a contributing factor in the decision to take a personnel action, the Board will order corrective action unless the agency shows by clear and convincing evidence that it would have taken the personnel action in the absence of the whistleblowing.  *See Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 28 (2013).  In determining whether the agency met this burden, the Board and our reviewing court have considered: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999); *Massie v. Department of Transportation*, 118 M.S.P.R. 308, ¶ 5 (2012).  Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established.  *Schnell*, 114 M.S.P.R. 83, ¶ 23; 5 C.F.R. § 1209.4(e).

¶9        The U.S. Court of Appeals for the Federal Circuit has cautioned that a finding of clear and convincing evidence must be based on the record as a whole,

---

[5] The appellant argues on review that it was a conflict of interest for the medical center director to be the agency representative with authority to settle her dispute when the director was one of the individuals about whom she has complained.  PFR File, Tab 2 at 7.  In a comparable situation, the Board has refused to disqualify an agency representative in the absence of evidence that the representative played a substantial role in the alleged agency action.  *Gubino v. Department of Transportation*, 85 M.S.P.R. 518, ¶ 11 (2000).  In the present appeal, the appellant has alleged the hospital director was aware of the harassment and condoned it by her inaction.  PFR File, Tab 2 at 7.  However, because she has provided no evidence of the director's awareness of the harassment or involvement in the appellant's reassignment, we find no conflict of interest.

"considering all the pertinent evidence in the record." *Whitmore v. Department of Labor*, [680 F.3d 1353](#), 1368 (Fed. Cir. 2012). Therefore, all of the evidence must be weighed together—both the evidence that supports the agency's case and the evidence that detracts from it. *Aquino*, [121 M.S.P.R. 35](#), ¶ 27. The administrative judge's determination that the agency proved by clear and convincing evidence that it would have taken the action in the absence of the appellant's protected disclosures was not based on the *Carr* factors. Applying these factors, we conclude that this determination was in error.

¶10     The only evidence submitted by the agency in support of its decision to reassign the appellant was two declarations. IAF, Tab 20 at 16-17. The first declaration was from the appellant's supervisor, in which she denied that any of her communications were unprofessional, abusive, or exceeded her authority. *Id.* at 16. The other declaration was from the facility's chief of human resources that stated that the reassignment was to accommodate the appellant because of her dissatisfaction with her supervisor and not in retaliation for her whistleblowing activity. *Id.* at 17. The agency provided no explanation of why it did not investigate the appellant's repeated claims of harassment, including the allegations made in her two protected disclosures. The agency did not deny the appellant's claim, included in her protected disclosure to the OIG, that the agency's EEO office informed her that it could not assist her. IAF, Tab 7 at 6. The Board has previously found that agency-submitted affidavits containing only general statements that the acting officials never took any retaliatory action are not sufficient to prove by clear and convincing evidence that the agency would have taken the action in the absence of the protected disclosures. *Schnell*, [114 M.S.P.R. 83](#), ¶ 24. Therefore, with regard to the first *Carr* factor, we find the agency's evidence does not support its claim that the appellant's reassignment was unrelated to her disclosures.

¶11     As to the second *Carr* factor, the strength and existence of any motive to retaliate on the part of the agency officials who were involved in the decision, the

appellant argues that the chief of human resources took the action at the direction of the hospital director who would not want the actions alleged by the appellant to become known. PFR File, Tab 2 at 7-8. The appellant also alleges that the chief of human resources did not have the authority to reassign her. *Id.* at 7. The administrative judge noted in his initial decision that the record did not contain any evidence that the chief of human resources had received or was aware of the appellant's disclosures. ID at 5 n.4. The administrative judge also found no evidence that the appellant's supervisor or the hospital director influenced the chief of human resources' decision. ID at 7-8. Our reviewing court has previously held that "[t]hose responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees." *Whitmore*, 680 F.3d at 1370. However, the record contains no evidence that the hospital director, chief of human resources, or the appellant's supervisor were aware that the appellant made the two protected disclosures prior to the appellant's reassignment.[6] Therefore, we conclude that the second *Carr* factor

---

[6] On review, the appellant submits an email from the employee relations staff member, which informed the appellant that she had forwarded the email containing one of the appellant's disclosures to the chief of human resources. PFR File, Tab 2 at 12. The appellant submits this email to show that the chief of human resources knew of her protected disclosures. *Id.* at 7-8. The email is dated before the close of the record below and the appellant does not assert that the document was unavailable despite her due diligence. The appellant also did not request an extension to the close of the record to timely submit the documentation. The appellant argues that the email was filed in the wrong box as part of her move to Texas, that she had surgery and medical restrictions, and that her grandfather became ill and passed away. *Id.* at 2. The appellant made no such references in her submissions filed during this time period and makes the argument for the first time on review. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant makes no such showing. Further, evidence offered merely to impeach a witness's credibility is generally not considered new and material. *Wyeroski v.*

supports a finding that the agency would have reassigned the appellant in the absence of her whistleblowing activity.

¶12    Concerning the third *Carr* factor, the agency has not presented any evidence, let alone clear and convincing evidence, showing that it took similar actions against employees who were not whistleblowers but who were otherwise similarly situated to the appellant. Under these circumstances, the agency's failure to submit any evidence on this factor supports a finding that the agency failed to prove by clear and convincing evidence that it would have taken the same actions against the appellant in the absence of her disclosures. *See Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶ 70 (2011); *see also Russell v. Department of Justice*, 76 M.S.P.R. 317, 327 (1997).

¶13    In sum, we find that the agency's evidence in support of its actions is inconclusive, the record does not demonstrate the acting official had a significant motive to retaliate against the appellant, and the agency did not show that it took similar actions against similarly-situated nonwhistleblowers. The appellant alleged harassment to multiple departments within the agency. IAF, Tab 7 at 6, 12-13. Yet there is no evidence that the agency performed any level of investigation of the appellant's complaints. Clearly, the appellant was unhappy in her work situation, as the administrative judge noted in his decision. ID at 7. However, the burden is on the agency to establish by clear and convincing evidence that it would have taken any action against the appellant in the absence of her protected disclosures. *Gonzales v. Department of the Navy*, 101 M.S.P.R. 248, ¶ 6 (2006). We find that the agency has not established by clear and convincing evidence that it would have reassigned the appellant in the absence of her protected disclosures. Therefore, we conclude that the appellant is entitled to corrective action. Because the record has not been fully developed on the scope of corrective action that may be appropriate under the circumstances of this case,

---

*Department of Transportation*, 106 M.S.P.R. 7, ¶ 9, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007). Therefore, we decline to consider this evidence for the first time on review.

we REMAND this appeal to provide the parties an opportunity to present additional evidence and argument on that issue.

## ORDER

¶14        We REVERSE the initial decision and REMAND this appeal to the Regional Office to adjudicate, in the first instance, the appellant's claims for corrective action under 5 U.S.C. § 1221(g)(1).


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.